Received and E-Filed for Record
4/18/2016 12:31:27 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# 410th District Court of MONTGOMERY Count, Texas

301 NORTH MAIN CONROE TX 77301

## CASE #: 16-04-03983

GARLAND WAYNE GODFREY, ROSIE GODFREY, SHAMEKA GODFREY, INDIVIDUALLY AND AS LEGAL
GUARDIAN OF C.J.T., A MINOR

*Plaintiff*
**vs**
ROEHL TRANSPORT, INC. AND SIDNEY BROWN JR.

*Defendant*

### AFFIDAVIT OF SERVICE

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 04/18/16 9:12 am, instructing for same to be delivered upon Roehl
Transport Inc., By Delivering Thru The Texas Secretary Of State.


That I delivered to     : Roehl Transport Inc., By Delivering Thru The Texas Secretary Of
                        : State. By Delivering to Liz Cordell, Citation Receiver

the following           : CITATION; PLAINTIFF'S ORIGINAL PETITION ALONG WITH RULE 194
                        : REQUESTS FOR DISCLOSURE TO DEFENDANTS

at this address         : 1019 Brazos Street, Suite 105
                        : Austin, Travis County, TX 78701

Manner of Delivery      : by PERSONALLY delivering the document(s) to the person above.

Delivered on            : APR 18, 2016 9:45 am


My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943, and my address is
Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and
U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, State of Texas, on the _____ 18 _____ day of
_____ APR _____, 20 16 .

FLOYD J BOUDREAUX                                           Declarant
381

Texas Certification#: SCH-3506 Exp. 02/28/17

"Certified as to certification on signature page"

Private Process Server
Professional Civil Process Of Texas, Inc          PCP Inv#: Z16400072
103 Vista View Trail Spicewood TX 78669           SO  Inv#: A16401391
(512) 477-3500

AX02A16401391

+ Service Fee: 125.00
  Witness Fee:    .00
  Mileage Fee:    .00

tomcat                                            Hoke, William W.

                                                         E-FILE RETURN

Use this form to scan the Original Citation, without the service documents.

---

This court is set to merge the

Court: Barbara Gladden Adamick



AX67A16401391

"Certified as to certification on signature page"

# CITATION

Cause Number: 16-04-03983

Clerk of the Court                          Attorney Requesting Service
Barbara Gladden Adamick                     Christine Vinh Weems
P.O. Box 2985                               6588 Corporate Dr., Ste. 300
Conroe, Texas 77305                         Houston TX  77036

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney does not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  Roehl Transport Inc
     Thru The Texas Secretary of State
     1019 Brazos St.
     Austin, Tx  78701

You are hereby commanded to appear by filing a written answer to the
Plaintiff's Original Petition Along With Rule 194 Requests for Disclosure
to Defendants at or before 10:00 A.M. of the Monday next after the
expiration of twenty days after the date of service of this citation
before the Honorable 410th Judicial District Court Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition Along With Rule 194 Requests for
Disclosure to Defendants was filed in said court on this the 5th day of
April, 2016 numbered 16-04-03983 on the docket of said court, and styled,
Garland Wayne Godfrey, Rosie Godfrey, Shameka Godfrey,  Individually and
as Legal Guardian of C.J.T, a Minor Child VS. Roehl Transport, Inc.,
Sidney Brown, Jr.

The nature of plaintiff's demand is fully shown by a true and correct copy
of Plaintiff's Original Petition Along With Rule 194 Requests for
Disclosure to Defendants accompanying this citation and made a part
hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the
law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on
this the 6th day of April, 2016.

                              Barbara Gladden Adamick, District Clerk
                                      Montgomery County, Texas
     (SEAL)

                    By: _Patsy Fletcher_____
                                    Patsy Fletcher, Deputy

"Certified as to certification on signature page"

# OFFICER'S RETURN

Cause No. 16-04-03983        Court No: 410th Judicial District Court
Style: Garland Wayne Godfrey, Rosie Godfrey, Shameka Godfrey,
Individually and as Legal Guardian of C.J.T, a Minor Child VS. Roehl
Transport, Inc., Sidney Brown, Jr.
To:     Roehl Transport, Inc.
Address: Thru The Texas Secretary of State
        1019 Brazos St.
        Austin, TX 78711

Came to hand the ___ day of _____, 20__, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition Along With Rule 194 Requests for
Disclosure to Defendants, at the following times and places, to wit:
Name     Date/Time     Place, Course and distance from Courthouse
_____

Manner of service:_____

*And not executed as to the defendants(s)_____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy    $_____
TOTAL                 $_____
                              _____ OFFICER
                              County, Texas
                    By: _____, Deputy

## AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107, the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is __/__/__, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ___ day of
_____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

I, Barbara Gladden Adamick, do hereby
Certify 4 pages in Cause # 1604 03983
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 13 Day of May 2016
By: Catherine Gant Deputy

Received and E-Filed for Record
4/18/2016 12:31:11 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# 410th District Court of MONTGOMERY Count, Texas

301 NORTH MAIN CONROE TX 77301

## CASE #: 16-04-03983

Montgomery County - 410th Judicial District Court

**GARLAND WAYNE GODFREY, ROSIE GODFREY, SHAMEKA GODFREY, INDIVIDUALLY AND AS LEGAL GUARDIAN OF C.J.T., A MINOR**

*Plaintiff*

**vs**

**ROEHL TRANSPORT, INC. AND SIDNEY BROWN JR.**

*Defendant*

### AFFIDAVIT OF SERVICE

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit. That I received the documents stated below on 04/18/16 9:12 am, instructing for same to be delivered upon Brown, Sidney (JR.) By Delivering Thru The Texas Secretary Of State.

That I delivered to      : Brown, Sidney (JR.) By Delivering Thru The Texas Secretary Of
                         : State. By Delivering to Liz Cordell, Citation Receiver

the following            : CITATION; PLAINTIFF'S ORIGINAL PETITION ALONG WITH RULE 194
                         : REQUESTS FOR DISCLOSURE TO DEFENDANTS

at this address          : 1019 Brazos Street, Suite 105
                         : Austin, Travis County, TX 78701

Manner of Delivery       : by PERSONALLY delivering the document(s) to the person above.

Delivered on             : APR 18, 2016 9:45 am

My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943, and my address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and U.S.A. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the _____ day of
_APR_ , 20_16_ .

FLOYD J BOUDREAUX                                    Declarant
381

Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: Z16400071
103 Vista View Trail Spicewood TX 78669         SO  Inv#: A16401389
(512) 477-3500

+ Service Fee:  70.00
  Witness Fee:    .00
  Mileage Fee:    .00

tomcat                                          Hoke, William W.
AX02A16401389                                                  **E-FILE RETURN**

Use this form to scan the Original Citation, without the service documents.

---

This court is set to merge the

Court: Barbara Gladden Adamick



AX67A16401389

'ified as to certification on signature page"

# CITATION

Cause Number: 16-04-03983

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Christine Vinh Weems
6588 Corporate Dr., Ste. 300
Houston TX  77036

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  Sidney Brown Jr
     Thru The Texas Secretary of State
     1019 Brazos Street
     Austin, Tx 78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition Along With Rule 194 Requests for Disclosure to Defendants at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition Along With Rule 194 Requests for Disclosure to Defendants was filed in said court on this the 5th day of April, 2016 numbered 16-04-03983 on the docket of said court, and styled, Garland Wayne Godfrey, Rosie Godfrey, Shameka Godfrey,  Individually and as Legal Guardian of C.J.T, a Minor Child VS. Roehl Transport, Inc., Sidney Brown, Jr.

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition Along With Rule 194 Requests for Disclosure to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 6th day of April, 2016.

                          Barbara Gladden Adamick, District Clerk
                          Montgomery County, Texas
     (SEAL)

By: *Patsy Fletcher*
                          Patsy Fletcher, Deputy

*ried as to certification
n signature page"*

## OFFICER'S RETURN

Cause No. 16-04-03983          Court No: 410th Judicial District Court
Style: Garland Wayne Godfrey, Rosie Godfrey, Shameka Godfrey,
Individually and as Legal Guardian of C.J.T, a Minor Child VS. Roehl
Transport, Inc., Sidney Brown, Jr.
To:      Sidney Brown, Jr.
Address: Thru The Texas Secretary of State
         1019 Brazos Street
         Austin, Texas

Came to hand the ____ day of _____, 20 ___, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition Along With Rule 194 Requests for
Disclosure to Defendants, at the following times and places, to wit:
Name      Date/Time      Place, Course and distance from Courthouse
_____
_____

Manner of service: _____
_____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____
_____

And the cause of failure to execute this process is: _____
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy     $ _____
TOTAL                         $ _____

                              _____ OFFICER
                              _____ County, Texas
                              By: _____, Deputy
                    AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is __/__/__, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____, County, State of _____, on the ___ day of
_____, 20 ___.

                              _____
                              Declarant/Authorized Process Server

                              _____
                              ID# & Exp. Of Certification

I, Barbara Gladden Adamick, do hereby
Certify 4 pages in Cause # 1604 03 983
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 13 Day of May 2016

By: _____ , Deputy

Received and E-Filed for Record
4/5/2016 8:30:34 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

16-04-03983

CAUSE NO. _____

| | | |
|---|---|---|
| GARLAND WAYNE GODFREY, | § | IN THE DISTRICT COURT OF |
| ROSIE GODFREY, SHAMEKA | § | |
| GODFREY, Individually and as | § | |
| Legal Guardian of C.J.T., a Minor Child | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | Montgomery County - 410th Judicial District Court |
| ROEHL TRANSPORT, INC. | § | |
| and SIDNEY BROWN, JR. | § | |
| | § | |
| **Defendants.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION ALONG WITH
## RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, GARLAND WAYNE GODFREY, ROSIE GODFREY and SHAMEKA

GODFREY, Individually and as Legal Guardian of C.J.T., a Minor Child, Plaintiffs herein, and

file this Plaintiffs' Original Petition complaining of ROEHL TRANSPORT, INC. and SIDNEY

BROWN, JR., Defendants herein, and for cause of action would respectfully show unto this

Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.      Discovery in this case is to be conducted under Level 2 of Rule 190.2 of the

Texas Rules of Civil Procedure as the Plaintiffs seek monetary relief over $100,000 but not more

than $500,000.

### II.
### REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2.      To the extent that the above named Defendants are conducting business pursuant

to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule

*"Certified as to certification on signature page"*

16-04-03983- CV

| | | |
|---|---|---|
| Garland Wayne Godfrey, | § | 410th Judicial District Court |
| Rosie Godfrey, Shameka | § | OF |
| Godfrey, Individually and | § | Montgomery County, Texas |
| as Legal Guardian of C.J.T, | | |
| a Minor Child VS. Roehl | | |
| Transport, Inc., Sidney | | |
| Brown, Jr. | | |

## DOCKET SHEET

| | |
|---|---|
| 04/05/2016 | AM |
| 04/05/2016 | Plaintiffs' Original Petition Along With Rule 194 Requests for Disclosure to Defendants |
| 04/05/2016 | Civil Case Information Sheet (OCA) |
| 04/05/2016 | Civil Process Request Form |
| 04/05/2016 | Filing Letter |
| 04/18/2016 | Executed Citation to Sidney Brown Jr. |
| 04/18/2016 | Executed Citation to Roehl Transport Inc. |
| 05/11/2016 | Roehl Transport Inc & Sidney Brown Jr's Answer & Jury Demand |

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause # 1604O3983 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas, On This the 12 Day of May 2016

By: _____, Deputy

# CASE SUMMARY
## CASE NO. 16-04-03983

| | |
|---|---|
| Garland Wayne Godfrey, Rosie Godfrey, Shameka Godfrey, Individually and as Legal Guardian of C.J.T, a Minor Child VS. Roehl Transport, Inc., Sidney Brown, Jr. | § § § § |

| | |
|---|---|
| Location: | **410th Judicial District Court** |
| Judicial Officer: | **Mayes, K. Michael** |
| Filed on: | **04/05/2016** |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Inj/Damage-Motor Vehicle >$200,000** |
| Case Flags: | **Jury Fee Paid** **No Case Binder** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 16-04-03983 |
| Court | 410th Judicial District Court |
| Date Assigned | 04/05/2016 |
| Judicial Officer | Mayes, K. Michael |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Godfrey, Garland Wayne** | **Weems, Christine Vinh** *Retained* 713-773-3380(W) |
| | **Godfrey, Rosie** | **Weems, Christine Vinh** *Retained* 713-773-3380(W) |
| | **Godfrey, Shameka** | **Weems, Christine Vinh** *Retained* 713-773-3380(W) |
| **Defendant** | **Brown, Sidney, Jr.** | **BELIVEAUX, IAN R** *Retained* 713-877-1122(W) |
| | **Roehl Transport, Inc.** | **BELIVEAUX, IAN R** *Retained* 713-877-1122(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/05/2016 | Original Petition (OCA) Party: Plaintiff Godfrey, Garland Wayne; Plaintiff Godfrey, Rosie; Plaintiff Godfrey, Shameka *AM* | |
| 04/05/2016 | 🖻 E-Filed Original Petition Document *Plaintiffs' Original Petition Along With Rule 194 Requests for Disclosure to Defendants* | |
| 04/05/2016 | 🖻 Civil Case Information Sheet *Civil Case Information Sheet (OCA)* | |
| 04/05/2016 | 🖻 Request For Service *Civil Process Request Form* | |

I, Barbara Gladden Adamick, do hereby
Certify _2_ pages in Cause # 16-04-03983
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas
Witness My Official Seal of Office in Conroe, Texas
On This the 13 Day of May 2016
By _Jane Meredith_ , Deputy

*Printed on 05/13/2016 at 12:07 PM*

# CASE SUMMARY
## CASE NO. 16-04-03983

| | |
|---|---|
| 04/05/2016 | Letters<br>*Filing Letter* |
| 04/06/2016 | **Citation**<br>Roehl Transport, Inc.<br>Served: 04/18/2016<br>Brown, Sidney, Jr.<br>Served: 04/18/2016 |
| 04/18/2016 | Return of Citation<br>*Executed Citation to Sidney Brown Jr.* |
| 04/18/2016 | Return of Citation<br>*Executed Citation to Roehl Transport Inc.* |
| 05/11/2016 | Answer<br>*Roehl Transport Inc & Sidney Brown Jr's Answer & Jury Demand* |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Defendant** Roehl Transport, Inc. | |
| | Total Charges | 40.00 |
| | Total Payments and Credits | 40.00 |
| | **Balance Due as of 5/13/2016** | **0.00** |
| | | |
| | **Plaintiff** Godfrey, Garland Wayne | |
| | Total Charges | 359.00 |
| | Total Payments and Credits | 359.00 |
| | **Balance Due as of 5/13/2016** | **0.00** |

*filed as to certification on signature page*

PAGE 2 OF 2                    *Printed on 05/13/2016 at 12:07 PM*

28 of the Texas Rules of Civil Procedure, and Plaintiffs hereby demand upon answering this suit, that the Defendants answer in their correct legal and assumed names. TEX. R. CIV. P. 28.

## III.
## PARTIES

3.    Plaintiffs GARLAND WAYNE GODFREY, ROSIE GODFREY, and SHAMEKA GODFREY (hereinafter "Plaintiffs") are natural persons residing in Tomball, Harris County, Texas.

4.    Defendant ROEHL TRANSPORT, INC. (hereinafter "ROEHL TRANSPORT") is a foreign corporation doing business in the State of Texas for the purposes of accumulating monetary profit by providing commercial motor vehicles to individuals and businesses in Texas for use on Texas roads and subsequently being involved in the collision out of which this lawsuit arises.   Upon information and belief, Defendant's corporate address is 1916 E. 29th Street, Marshfield, Wisconsin 54449.   Defendant ROEHL TRANSPORT has failed to designate and maintain an agent for service of process in Texas.   Accordingly, ROEHL TRANSPORT is deemed to have appointed the Texas Secretary of State as its agent for service.   Service may be had on this Defendant by service the Secretary of State at 1019 Brazos Street, Austin, Texas 78701, who shall immediately forward a duplicate copy of said process to the Defendant at its principal place of business located at 1916 E. 29th Street, Marshfield, Wisconsin 54449 pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE 17.041-.045 and TEX. BUS. CORP. ACT ART. 2.11.

5.    Defendant SIDNEY BROWN, JR. (hereinafter "BROWN") is a natural person, and an employee of ROEHL TRANSPORT, is a non-resident and lives in South Carolina.   Upon information and belief, Defendant's last known address is 1102 Hampton Ct., Summerville, South Carolina 29483.   Service may be had on this Defendant by service the Secretary of State at

"certified as to certification on signature page"

1019 Brazos Street, Austin, Texas 78701, who shall immediately forward a duplicate copy of said process to the Defendant at his residence located at 1102 Hampton Ct., Summerville, South Carolina 29483, pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE 17.041-.045

## IV.
## VENUE AND JURISDICTION

6.      Venue is proper in Montgomery County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.001 *et seq.* because all or a part of the cause of action occurred in Montgomery County, Texas.

7.      Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## V.
## FACTS

8.      On or about October 9, 2014, Plaintiff GARLAND WAYNE GODFREY was operating his vehicle eastbound on SH 242 in Montgomery County, Texas.  Plaintiff ROSIE GODFREY and Minor Plaintiff were passengers.  At the same date and time, a commercial motor vehicle, owned, insured and operated by Defendant ROEHL TRANSPORT, being driven by Defendant BROWN, in the course and scope of his employment with ROEHL TRANSPORT, was traveling east on SH 242 when Defendant BROWN pulled off the roadway to conduct an improper u-turn causing Plaintiff's vehicle to suddenly, violently, and unexpectedly strike the commercial motor vehicle.   Defendant BROWN *received a citation* at the scene from the investigating officer for turning when unsafe.  As a proximate result of the collision, Plaintiffs sustained personal injuries and damages more fully described below.  Nothing Plaintiffs did or failed to do caused or contributed to the incident made basis of this suit or Plaintiffs' resulting injuries and damages.

*"Certified as to certification on signature page"*

**VI.**
**NEGLIGENCE OF DEFENDANT SIDNEY BROWN, JR.**

9.      Defendant BROWN had a duty to operate the commercial motor vehicle driven by him to a high degree of care as required by common carriers and as a common carrier would have under the same or similar circumstances; however, BROWN disregarded this duty.  Such disregard for this duty consisted of, but is not limited to, the following acts and/or omissions:

    a.      Failing to turn when safe to do so;

    b.      Failing to drive his vehicle in a single lane of traffic

    c.      Operating his commercial motor vehicle at a greater rate of speed than was reasonably prudent;

    d.      Failing to take proper evasive action;

    e.      Failing to apply the brakes to the commercial motor vehicle he was driving;

    f.      Failing to timely apply the brakes to the commercial motor vehicle he was driving;

    g.      Failing to pay attention;

    h.       Failing to avoid the collision;

    i.      Failing to maintain a proper lookout;

    j.      Failing to turn his commercial motor vehicle to the left or to the right in order to avoid the collision;

    k.      Failing to drive in a reasonably attentive manner;

    l.      Failing to drive his commercial motor vehicle in a single lane of traffic;

    m.      Violating the terms and provisions of the TEXAS TRANSPORTATION CODE, the TEXAS DRIVER'S HANDBOOK, the TEXAS COMMERCIAL MOTOR VEHICLE DRIVER'S HANDBOOK and the FEDERAL MOTOR CARRIER SAFETY ACT; and

    n.      Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

10.     Each of the above referenced acts or omissions by Defendant BROWN directly and proximately caused Plaintiffs' injuries and damages.  Nothing Plaintiffs did or failed to do contributed to or proximately caused the incident in question or their resulting injuries and damages.

**VII.**
**GROSS NEGLIGENCE OF DEFENDANT SIDNEY BROWN, JR.**

11.     The occurrence made the basis of this suit and the resulting injuries and damages to Plaintiffs was proximately caused by Defendant BROWN.   Such wanton and reckless disregard for the safety of Plaintiffs, consisted of, but is not limited to, the following acts and/or omissions:

a.     Failing to turn when safe to do so;

b.     Failing to drive his vehicle in a single lane of traffic

c.     Operating his commercial motor vehicle at a greater rate of speed than was reasonably prudent;

d.     Failing to take proper evasive action;

e.     Failing to apply the brakes to the commercial motor vehicle he was driving;

f.     Failing to timely apply the brakes to the commercial motor vehicle he was driving;

g.     Failing to pay attention;

h.      Failing to avoid the collision;

i.     Failing to maintain a proper lookout;

j.     Failing to turn his commercial motor vehicle to the left or to the right in order to avoid the collision;

k.     Failing to drive in a reasonably attentive manner;

l.     Failing to drive his commercial motor vehicle in a single lane of traffic;

m.    Violating the terms and provisions of the TEXAS TRANSPORTATION CODE, the TEXAS DRIVER'S HANDBOOK, the TEXAS COMMERCIAL MOTOR VEHICLE DRIVER'S HANDBOOK and the FEDERAL MOTOR CARRIER SAFETY ACT; and

n.    Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

12.    Each of these acts and/or omissions of BROWN constitutes a wanton and reckless disregard for the safety of Plaintiffs, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to Plaintiffs as described below.

13.    When viewed objectively from the standpoint of BROWN at the time of its occurrence, BROWN'S conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  In addition, BROWN was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Plaintiffs sue for exemplary damages in the amount determined by the trier of the fact.

## VIII.
## NEGLIGENCE *PER SE* OF DEFENDANT SIDNEY BROWN, JR.

14.    Defendant BROWN'S violations of local ordinances and state traffic laws constitute negligence *per se*.  His negligence *per se* was a direct and proximate cause of the collision in question and Plaintiffs' resulting injuries and damages.  Defendant BROWN'S violations of local ordinances and state traffic laws include, but are not limited to, the following:

a.    Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.401, Defendant BROWN drove his commercial motor vehicle with heedless and reckless disregard of the safety and welfare of others, including Plaintiff;

b.    Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.060, Defendant BROWN changed lanes when it was unsafe to do so;

"Certified as to certification on signature page"

c.   Violation of the laws of the State of Texas, including TEXAS TRANSPORTATION CODE §545.060, Defendant BROWN failed to drive his vehicle in a single lane of traffic;

d.   Violation of the laws of the State of Texas, including TEXAS COMMERCIAL MOTOR VEHICLE DRIVERS HANDBOOK §2.4, Defendant BROWN failed to communicate his intentions with other drivers on the roadway;

e.   Violation of the laws of the State of Texas, including TEXAS COMMERCIAL MOTOR VEHICLE DRIVERS HANDBOOK §2.14, Defendant BROWN failed to observe hazards;

f.   Violation of the laws of the State of Texas, including TEXAS COMMERCIAL MOTOR VEHICLE DRIVERS HANDBOOK §2.5, Defendant BROWN failed to maintain a proper lookout; and

g.   Violation of THE FEDERAL MOTOR CARRIER SAFETY ACT 49 C.F.R. § 383.111 and 383.113, Defendant BROWN failed to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations and lacked the required skills.

15.   On the occasion in question, Defendant BROWN failed to comply with each of the above provisions of the TEXAS TRANSPORTATION CODE, the TEXAS DRIVER'S HANDBOOK, the TEXAS COMMERCIAL MOTOR VEHICLE DRIVER'S HANDBOOK and the FEDERAL MOTOR CARRIER SAFETY ACT. Plaintiffs are within the class of persons designed to be protected by the above referenced statutes. As such, Defendant BROWN'S conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law. Defendant BROWN'S negligence *per se* was a direct and proximate cause of the incident in question and Plaintiffs' injuries and damages.

### IX.
### NEGLIGENCE OF DEFENDANT ROEHL TRANSPORT, INC. UNDER DOCTRINE OF *RESPONDEAT SUPERIOR*

16.   Upon information and belief, at the time of the collision made the basis of this action, Defendant BROWN was the agent, ostensible agent, servant, and employee of Defendant ROEHL TRANSPORT and was acting within the scope of his authority as such agent, ostensible

"Certified as to certification on signature page"

agent, servant, and employee.  At the time of the incident, Defendant BROWN'S negligence, negligence *per se*, and/or gross negligence more thoroughly described above was a proximate cause of Plaintiffs' severe injuries and damages described below.  Therefore, Defendant ROEHL TRANSPORT should be held jointly and severally liable for tortious actions of their agent, ostensible agent, servant, and/or employee BROWN under the doctrine of *respondeat superior*.

## X.
## NEGLIGENT ENTRUSTMENT BY DEFENDANT ROEHL TRANSPORT, INC.

17.    On the date in question, upon information and belief, Defendant ROEHL TRANSPORT was the owner, controller, insurer, and/or operator of the commercial motor vehicle driven by Defendant BROWN.  Defendant ROEHL TRANSPORT entrusted said commercial motor vehicle to Defendant BROWN when they knew or should have known that Defendant BROWN was an incompetent, unlicensed, inexperienced, and/or reckless driver and it was Defendant ROEHL TRANSPORT duty not to entrust their commercial motor vehicle to an individual when they knew or should have known Defendant BROWN was an incompetent, inexperienced, unlicensed, and/or reckless driver.  Defendant BROWN did, in fact, operate Defendant ROEHL TRANSPORT'S commercial motor vehicle in a negligent manner as more fully described herein.  Defendant ROEHL TRANSPORT'S negligent entrustment of their commercial vehicle to Defendant BROWN was a direct and proximate cause of the incident in question and Plaintiffs' resulting severe injuries and damages.

## XI.
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND
## RETENTION BY DEFENDANT ROEHL TRANSPORT, INC.

18.    Defendant ROEHL TRANSPORT, pursuant to both statute and as an ordinary prudent employer and/or trucking company, had a duty to properly hire, train, instruct, supervise and investigate Defendant BROWN prior to hiring him to drive a commercial motor vehicle on

the roads and highways along with the rest of the traveling public.  As part of regular hiring practices for commercial motor vehicle drivers, which are prescribed both by statute and by common safety practices and procedures judged by the reasonably prudent person standard, Defendant ROEHL TRANSPORT had the duty to conduct a pre-employment investigation into Defendant BROWN'S background and properly train him prior to hiring Defendant BROWN as a commercial motor vehicle driver.  Defendant breached said duty by failing to conduct a pre-employment investigation of Defendant BROWN, both with regard to prior employment and with regard to prior driving history and failed to properly train him.  Defendant ROEHL TRANSPORT knew or should have known that their failure to properly hire and conduct a pre-employment investigation or provide proper supervision and training, including investigating Defendant BROWN'S prior employment history and prior driving record and properly training him, could result in their hiring a commercial motor vehicle driver who posed a danger to the safety of others.  This and other negligent acts and/or omissions of Defendants, singularly or in concert, constitute a proximate cause of the resulting injuries and damages to Plaintiffs as described below.  The occurrence made the basis of this suit and resulting injuries and damages to Plaintiffs were proximately caused by Defendants' careless, negligent, and reckless disregard for Plaintiffs' safety.

19.     Additionally and in the alternative, Defendant ROEHL TRANSPORT had a duty to periodically test Defendant BROWN'S abilities as a commercial motor vehicle driver and to gather updated information regarding Defendant BROWN'S driving record and collisions. Defendant breached said duty resulting in the retention of an unqualified driver and allowing said unqualified driver to drive on the roads and highways along with the traveling public endangering lives of the traveling public.  Said breach of duty proximately caused damage to Plaintiffs, as set forth below.

"Certified as to certification on signature page"

## XII.
## DAMAGES OF PLAINTIFFS

20.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiffs incurred medical expenses in the past and, in all reasonable probability, such medical expenses will continue into the future.

21.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiffs' sustained lost wages and/or loss of earning capacity in the past, and, in all reasonable probability, such loss of earning capacity will continue in the future.

22.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiffs experienced physical pain and suffering in the past and, in all reasonably probability, will sustain physical pain and suffering in the future.

23.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiffs experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future.

24.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiffs experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

25.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiffs experienced physical disfigurement in the past and in all reasonable probability, will sustain physical disfigurement in the future.

26.     As a direct and proximate result of the actions and/or omissions of Defendants described herein, Plaintiff GARLAND WAYNE GODFREY'S vehicle and property were

"Certified as to certification on signature page"

damaged in the wreck.  Plaintiff incurred property damage and diminution in value of his vehicle proximately caused by the damage from the subject collision, for which he now sues.

27.     Plaintiffs also plead for exemplary damages in an amount within the jurisdictional limits of this Court.

28.     The amount of the Plaintiffs' damages is substantial and in excess of the jurisdictional minimums of this Court.  Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision.  Furthermore, the determination of many of these elements of damage is within the jury's province, and Plaintiffs seek the jury's evaluation.  However, Plaintiffs are seeking monetary relief over $200,000.00, but not more than $500,000.00, at this time.  Plaintiffs reserve the right to amend this damage calculation as discovery progresses.  Plaintiffs make this damage calculation at this time pursuant to Texas Rules of Civil Procedure 47.

## XIII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

29.     Plaintiffs are entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate.

## XIV.
## REQUEST FOR DISCLOSURE

30.     Pursuant to Tex. R. Civ. Proc. 194, all Defendants are requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2(a)-(l).

*"Certified as to certification on signature page"*

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs GARLAND WAYNE GODFREY, ROSE GODFREY, SHAMEKA GODFREY, Individually and as Legal Guardian of J.T., a Minor Child prays that Defendants ROEHL TRANSPORT, INC. and SIDNEY BROWN, JR. be cited to appear and answer herein and, upon final hearing of this cause, Plaintiffs have judgment against Defendants for damages described herein, for actual damages, exemplary damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

KWOK DANIEL LTD., L.L.P.

Robert S. Kwok
SBN: 00789430
**William W. Hoke**
SBN: 24046086
**Christine Vinh Weems**
SBN: 24028099
**Alex P. Boylhart**
SBN: 24087198
6588 Corporate Drive, Suite 300
Houston, Texas 77036
Telephone: (713) 773-3380
Facsimile: (713) 773-3960

**ATTORNEYS FOR PLAINTIFFS**

I, Barbara Gladden Adamick, do hereby Certify 12 pages in Cause # 16-04-03983 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 13 Day of May 2016

By: Catherine Grant Deputy

Received and E-Filed for Record
5/11/2016 9:38:23 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-04-03983

| | | |
|---|---|---|
| GARLAND WAYNE GODFREY, ROSIE GODFREY, SHAMEKA GODFREY, Individually and as Legal Guardian of C.J.T., a Minor Child | § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | MONTGOMERY COUNTY, T E X A S |
| ROEHL TRANSPORT, INC. and SIDNEY BROWN, JR. | § § | 410TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ROEHL TRANSPORT, INC. and SIDNEY BROWN, JR.**, hereinafter referred to as Defendants, and files this, their Original Answer to Plaintiff's' Original Petition and would respectfully show unto this Honorable Court as follows:

### General Denial

1.      Defendants herein, pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, deny each and every, singular and all of the allegations contained in Plaintiff's' Original Petition, says the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof.  Defendants further reserve the right to amend its answer at a future date in accordance with the Texas Rules of Civil Procedure.

### Comparative Negligence

2.      In the alternative, subject to the foregoing without waiving same, Defendants allege the comparative negligence of Plaintiff Garland Godfrey, in failing to use ordinary care, was a proximate cause or the sole proximate cause of Plaintiffs injuries, if any.  Defendants request that at trial of this case the jury, pursuant to Texas

Civil Practices & Remedies Code Chapter 33 et. seq., be asked to assess the comparative negligence, if any, of all parties to this lawsuit, all settling Defendants, and all Responsible Third Parties.   Defendants further pray the recovery to medical expenses incurred by Garland Wayne Godfrey, Rosie Godfrey and Shameka Godfrey on behalf of C.J.T. a minor, the loss of earning capacity of C.J.T. up to the age of 18, and Garland Wayne Godfrey, Rosie Godfrey and Shameka Godfrey's bystander claim be reduced or precluded by the comparative negligence of Plaintiffs, Garland Wayne Godfrey, Rosie Godfrey and Shameka Godfrey.

### Preexisting Injuries

3.      Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiffs suffered from a pre-existing condition, not caused by any action or inaction on the part of these Defendants, Defendants would show that Plaintiffs are entitled only to any exacerbation of that preexisting condition, but not for the condition itself.

### Acts of Third Parties

4.      Pleading further and subject to the foregoing, without waiving same, Defendants herein would show that the incident complained of in Plaintiffs' Original Petition was caused by the negligence, carelessness, and/or fault on the part of third parties or instrumentalities over which these Defendants had no control.   Said negligence, carelessness, and/or comparative fault on the part of such third party was either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation.

"Certified as to certification on signature page"

**Failure to Mitigate Damages**

5.      Defendants would show that Plaintiffs failed to mitigate their injuries/damages in the above entitled cause of action.

**Credit, Contribution, and Indemnity**

6.      Defendants invoke the doctrine of proportionate responsibility, responsible third parties, and contribution and requests that Plaintiff's recovery, if any, be reduced and apportioned in accordance with the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to Chapter 33.  If Plaintiffs settle with any alleged tortfeasor, Defendants reserve their right to full credit for settlements under Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  These Defendants would also show the acts and omissions of any such settling parties should be submitted for consideration by the jury in determining the relative responsibilities of all parties to the occurrence made the basis of this lawsuit.

7.      These Defendants request contribution and/or indemnity from any other named defendant, counter defendant, cross defendant, contribution defendant, responsible third party, or third-party defendant in accordance with the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      These Defendants would further show that if Plaintiffs settle with any alleged tortfeasor that Defendants are entitled to any and all offsets and credits allowed under the statutory and common laws of the state of Texas.

**Proof of Certain Losses**

9.      Pleading further and subject to the foregoing, without waiving same, Defendants herein would show that according to Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiffs' alleged earnings, loss of earning capacity, loss of

Certified as to certification on signature page"

3

contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

### Evidence Relating to Amount of Economic Damages

10.    Pleading further and subject to the foregoing, without waiving same, Defendants herein would show that according to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE recovery of medical and health care related expenses should be limited to the amount actually paid or incurred.

### DEFENDANTS' REQUESTS FOR DISCLOSURE

11.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### RULE 193.7 NOTICE

12.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give notice that any and all documents produced by Plaintiffs and/or any other parties hereto may be used as evidence at any pre-trial proceeding or at trial of this matter and are deemed authenticated absent timely objection by Plaintiffs and/or any other party hereto.

"Certified as to certification on signature page"

**Jury Demand**

13.   PURSUANT TO THE PROVISIONS OF RULE 216 OF THE TEXAS RULES OF CIVIL PROCEDURE, DEFENDANTS FORMALLY MAKE THIS DEMAND AND APPLICATION FOR A JURY TRIAL IN THIS LAWSUIT. A JURY FEE IS BEING PAID SIMULTANEOUSLY WITH THE FILING OF THIS ANSWER.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by reason of this suit, that Defendants herein be released, discharged and acquitted of the charges, that they go hence with their costs, without delay and for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.


   /s/ Ian R. Beliveaux
Robert D. Brown, TBN 03164715
Ian R. Beliveaux, TBN 24045473
3200 Southwest Freeway, Ste. 2300
Houston, TX  77027
(713) 877-1112
FAX # (713) 877-1138
bbrown@donatominxbrown.com
ibeliveaux@donatominxbrown.com
ATTORNEYS FOR DEFENDANTS
ROEHL TRANSPORT, INC. AND SIDNEY BROWN, JR.

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause # 10-10-9483 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas. On This the 12 Day of May 2016

By: _____ Deputy

5

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded to all the following counsel of record on May 10, 2016:

| | |
|---|---|
| Robert S. Kwok<br>Kwok Daniel Ltd., L.L.P.<br>6588 Corporate Dr., Ste. 300<br>Houston, TX 77036<br><br>Attorney for Plaintiffs | Fax 713-773-3960 |

_/s/ Ian R. Beliveaux_
Ian R. Beliveaux

6